IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PHILADELPHIA

| | |
|---|---|
| GAIL SHIPMAN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROY MARVIN SHIPMAN JR., DECEASED, ROY SHIPMAN III, and JUSTIN SHIPMAN<br><br>Plaintiffs<br><br>v.<br><br>AQUATHERM L.P., N.H. YATES AND COMPANY, INC., AND LANDSTAR RANGER, INC.<br><br>Defendants | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiffs Gail Shipman, Individually and as Personal Representative of the Estate of Roy Marvin Shipman Jr., Deceased, Roy Shipman, III and Justin Shipman (collectively "Plaintiffs"), file this Original Complaint against Aquatherm L.P., N.H. Yates & Company, Inc. and Landstar Ranger, Inc. (collectively "Defendants") and for cause of action respectfully show the Court as follows:

### NATURE OF THE SUIT

1. Plaintiffs bring claims for wrongful death and survival action under 42 Pa. C.S. §8301 *et. seq.* in connection with the tragic death of Roy Marvin Shipman Jr. ("Shipman") on or around July 15, 2016 in Pottstown, Pennsylvania.

### PARTIES

2. Plaintiff Gail Shipman, Individually and as Personal Representative of the Estate of Roy Marvin Jr., Deceased, is the surviving spouse of Decedent and a competent adult and citizen of Texas with an address at 3610 E. Loop 164 S, Adkins, Texas 78101.

3. Plaintiff Roy Shipman III is a surviving child of Decedent and a competent adult and citizen of Switzerland with an address at Rte. De la Hechere, 4, CH-1169 Yens, VD Switzerland.

4. Plaintiff Justin Shipman is a surviving child of Decedent and a competent adult and citizen of Tennessee with an address at 2509 Waverly St., Knoxville, Tennessee 37921.

5. Defendant Aquatherm L.P. ("Aquatherm") is a limited partnership organized and existing under the laws of Delaware with its principal place of business at 500 S 500 W. Building 1, Lindon, Utah 84042. Aquatherm is engaging in business in the Commonwealth of Pennsylvania in that it generates profit from its business activities in Pennsylvania, namely packaging, loading, securing and distributing its products for transportation and sale to Pennsylvania; it has a substantial connection with Pennsylvania arising from actions it purposefully directs to towards Pennsylvania and from which it benefits; and it committed a tort in whole or part in the State of Pennsylvania. In particular, Aquatherm specifically distributed and introduced the pipe that crushed Shipman into the stream and commerce of Pennsylvania.

6. Defendant N.H. Yates & Company, Inc. ("N.H. Yates") is a corporation organized and existing under the laws of Maryland with its principal place of business at #C117 Church Ln., Cockeysville, Maryland 21030-4938.N.H. Yates regularly, continuously, and systematically conducts business in the Commonwealth of Pennsylvania and maintains a yard or place of business at 56 Lightcap Rd., Pottstown, Pennsylvania, 19464 where Shipman was fatally injured.

7. Defendant Landstar Ranger, Inc. ("Landstar") is a corporation organized and existing under the laws of Delaware with its principal place of business at 13410 Sutton Park Drive South, Jacksonville, Florida 32224. Landstar is engaging in business in the State of

Pennsylvania in that it generates profit from its business activities in Pennsylvania, namely contracting with shippers such as Aquatherm to transport Aquatherm's products to and within the Commonwealth of Pennsylvania; Landstar has a substantial connection with Pennsylvania arising from actions it purposefully directs to towards Pennsylvania and from which it benefits; and it committed a tort in whole or part in the Commonwealth of Pennsylvania.

## VENUE & JURISDICTION

8. The Court has subject matter jurisdiction over this action under 28 U.S.C. §1332(a).

9. Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

10. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to location where Shipman was fatally crushed.

11. As described herein, the Court has specific and general personal jurisdiction over Defendants because they purposely availed themselves of the privilege of conducting activities with Pennsylvania, they have substantial and continuous contacts with the Commonwealth of Pennsylvania, generally and with respect to this action satisfy both general and specific minimum contacts, and exercising jurisdiction over Defendants does not offend the traditional notions of fair play and substantial justice. Defendants regularly, continuously, and systematically conduct business in the Commonwealth of Pennsylvania.

## STATEMENT OF THE CASE

12. On or around July 15, 2016, Shipman was fatally crushed when he was struck by more than 1,000 pounds of polypropylene pipe which fell from a flat-bed trailer on the premises of N.H. Yates located in Pottstown, Pennsylvania.

13. At all times pertinent hereto, on or about July 15, 2016, Shipman was a driver operating a tractor and flat-bed trailer leased by Landstar. Aquatherm contracted Landstar to haul a load of Aquatherm polypropylene pipe (for use in pressurized plumbing and mechanical systems) from Utah to its final destination in Pottstown, Pennsylvania.

14. Upon information and belief, the load of pipe was (1) estimated to be 20,000 pounds of 19-foot long piping, ranging six (6) to eight (8)-inches in diameter; and (2) there were approximately eight (8) bundles of various sizes and quantities of piping, each bound with 2-3 pieces of plastic banding.

15. The load was prepared, unitized, packaged and loaded by Aquatherm for shipment to Pennsylvania. Aquatherm's method of packaging the pipe consisted of unitizing the pipe in bundles secured by plastic bands. Aquatherm then placed the bundles on flat-bed trailers, securing them with straps and wooden dunnage to allegedly prevent the loads from moving or shifting. It was the regular course of business for Aquatherm to load and ship its pipe to N.H. Yates in Pennsylvania using a motor carrier such as Landstar. Upon information and belief, the individuals that loaded the pipe onto the flat-bed trailer for Shipman to pick up were employees and/or agents of Aquatherm and were acting in the course and scope of their employment with Aquatherm.

16. The load of pipe at issue was a high center gravity load that is easily rendered unstable if not prepared, unitized, and/or packaged properly.

17. Upon information and belief, on July 15, 2016, upon arrival to Defendant N.H. Yates in Pottstown, Pennsylvania, the load of pipe was in a compromised condition that caused one or more of the plastic bands holding the bundles of pipe together to snap. The snapping of one or more plastic bands caused the load of pipe to shift. When the pipe shifted, the top bundle of pipe, consisting of nine (9) eight (8)-inch pipes, fell on top of and fatally crushed Shipman.

18. Upon information and belief, the employees and/or agents of Aquatherm did not install the proper bands, dunnage, or other proper and necessary means of securement to prevent shifting of the load and/or cargo during transport and/or unloading.

19. Upon information and belief, N.H. Yates did not provide proper equipment to safely unload the pipe.

20. Upon information and belief, Landstar did not provide Shipman instructions to unload the pipe and/or safety equipment for unloading the pipe. Landstar had an obligation to evaluate, assess and/or ensure that the load of pipe was prepared, unitized, packaged and loaded for shipment according to industry standards, and/or to notify Shipman of any specialized tools and/or equipment that would be required for unloading the pipe at issue

21. As a result of Shipman's death, Plaintiffs have suffered severe personal injuries and damages.

## COUNT ONE

### Negligence Against Defendant Aquatherm

22. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

23. At the aforementioned time and places, Aquatherm was under a duty and/or assumed the duty to safely arrange, package, load, secure, inspect and ship the load of

polypropylene pipe on to the tractor trailer in in such a manner that the load of pipe would not be at risk of shifting, rolling off, or otherwise falling on persons working, unloading, or walking near the trailer prior to and/or during the unloading process. In particular, Plaintiffs allege that Aquatherm was responsible for the proper and safe arranging, packaging, unitizing, securing, inspecting and shipping the pipe to N.H. Yates in such a manner to prevent the pipe from shifting, rolling off or otherwise falling off the trailer during unloading and/or while removing straps.

24. On the occasion in question, Aquatherm, by and through its agents, servants and/or employees, committed various acts and/or omissions each of which was negligent and a proximate and/or producing cause of the occurrence and injuries in question, including, but not limited to, the following:

      a. Failing to properly arrange, secure, package, load, unitize, inspect and/or ship the pipe on the tractor trailer;

      b. Failing to install the proper bands, dunnage, straps and/or other proper and necessary means of securement to prevent the load of pipe from shifting during transport, strap removal, and/or unloading;

      c. Utilizing cargo securing devices that were inadequate for securing high center of gravity loads of pipe;

      d. Failing to contain, immobilize or secure the load of pipe and/or cargo in accordance with 49 C.F.R. §393.100, *et. seq.*;

      e. Failing to properly arrange, secure, package, load, unitize, inspect and/or ship the pipe to prevent shifting during unloading;

      f. Failing to properly arrange, secure, package, load, unitize, inspect and/or ship the pipe to prevent shifting;

      g. Failing to install the proper securement straps, dunnage and/or other proper and necessary means of securement to prevent shifting of the pipe;

      h. Failing to utilize proper chocks, wedges, a cradle, dunnage or other equipment to prevent the cargo from rolling or shifting;

    i. Failing to follow industry accepted methods, standards and practices in loading, securing, unitizing, and/or shipping the pipe;

    j. Failing to utilize proper and/or industry accepted methods and materials, *i.e.*, bands and straps to unitize and package the load of pipe onto the trailer;

    k. Failing to warn Shipman of the risk that the load of pipe could shift, or roll during unloading and/or transportation; and/or

    l. Such other and further acts and/or omissions of negligence as may be shown by the evidence at the trial of this cause.

## COUNT TWO

### Negligence Against Defendant N.H. Yates

25. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

26. At the aforementioned time and places, N.H. Yates was under a duty and/or assumed the duty to provide proper unloading methods for large items such as the pipe at issue in this lawsuit. On the occasion in question, N.H. Yates, by and through its agents, servants and/or employees, committed various acts and/or omissions each of which was negligent and a proximate and/or producing cause of the occurrence and injuries in question, including, but not limited to, the following:

    a. Failing to provide proper equipment to unload the pipe;

    b. Failing to provide fork lift and/or mechanical equipment to hold and restrain movement, shifting and /or failing of pipes while straps are removed to access the load;

    c. Failing to prevent the load from falling on the side of the trailer where an individual is removing straps;

    d. Failing to warn drivers to not attempt to access the load of pipe without the presence of mechanical equipment; and/or

7

 e. Such other and further acts and/or omissions of negligence as may be shown by the evidence at the trial of this cause.

## COUNT THREE

### Negligence Against Defendant Landstar

27. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

28. At the aforementioned time and places, Landstar was under a duty and/or assumed the duty to evaluate, assess and/or ensure that the load of pipe was properly prepared, unitized, packaged and/or loaded for shipment according to industry regulations and to notify its drivers of any specialized equipment or tools that would be necessary for unloading. On the occasion in question, Landstar, by and through its agents, servants and/or employees, committed various acts and/or omissions each of which were negligent and a proximate and/or producing cause of the occurrence and injuries in question, including, but not limited to, the following:

 a. Failing to arrange for the unloading of the shipment of pipe with Aquatherm;

 b. Failing to evaluate, assess and/or ensure that the load of pipe was prepared, unitized, packaged and loaded for shipment according to industry standards;

 c. Failing to notify Shipman that this was a high center of gravity load that could shift and/or become unstable during transport;

 d. Failing to notify Shipman of any specialized tools and/or equipment that would be required to unload the pipe;

 e. Failing to provide proper equipment to unload the pipe;

 f. Failing to arrange for the pipe to be unloaded by N.H. Yates;

 g. Retaining the right to control the unloading of the pipe;

 h. Failing to properly train Shipman on the proper method to unload pipe;

 i. Failing to warn Shipman of the hazards associated with unloading pipe;

j. Failing to furnish proper safety devices and components designed to reduce or eliminate the risk of fatal incidents;

k. Failure to have proper safety procedures and policies for unloading pipe;

l. Failing to warn drivers to not attempt to access the load of pipe without the presence of mechanical equipment;

m. Failing to provide Shipman with proper safety procedures and policies;

n. Failing to maintain adequate safety programs; and/or

o. Such other and further acts and/or omissions of negligence as may be shown by the evidence at the trial of this cause.

## COUNT FOUR

### Wrongful Death Action Against All Defendants

29. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

30. Plaintiff Gail Shipman, as Personal Representative of the Estate of Roy Marvin Jr., Deceased, and the surviving spouse of Decedent, makes a claim against Defendants Aquatherm, N.H. Yates, and Landstar on behalf of the survivors by virtue of 42 Pa. C.S.A. §8301 and Pa. R.C.P. 2202(a).

31. The Decedent did not bring an action against Defendants for personal injuries during his lifetime and no other action for the death of the Decedent has been commenced against the Defendants.

32. As a direct and proximate result of Defendants Aquatherm's, N.H. Yates', and Landstar's aforesaid negligence, Plaintiffs and/or Decedent's Estate suffered:

    a.    funeral expenses for the Decedent;

    b.    expenses of administration related to Decedent's injuries;

    c.    medical expenses;

    d.    the Plaintiffs' deprivation and injury as a result of the loss of the support, comfort, aid, association, care and value of the services of the Decedent; and

    e.    such other damages as are permissible in a wrongful death action.

## COUNT FIVE

### Survival Action Against All Defendants

33.    The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

34.    Plaintiff Gail Shipman, as Personal Representative of the Estate of Roy Marvin Jr., Deceased, and the surviving spouse of Decedent, makes a claim against Defendants Aquatherm, N.H. Yates, and Landstar on behalf of the survivors under 20 Pa. C.S.A. §3373 and 42 Pa. C.S.A. §8301.

35.    As a direct and proximate result of Defendants Aquatherm's, N.H. Yates', and Landstar's aforesaid negligence, Decedent suffered and Defendants are liable to Plaintiffs for the following damages:

    a.    Decedent's pain and suffering between the time of his injury and death;

    b.    Decedent's emotional distress between the time of his injury and death;

    c.    Decedent's loss of enjoyment of life between the time of his injury and death;

    d.    Decedent's total estimated future earning power less estimated cost of personal maintenance;

    e.    Decedent's loss of retirement and social security income;

    f.    Decedent's other financial losses suffered as a result of death;

    g.    Decedent's loss of enjoyment of family;

    h.    Decedent's loss of life's pleasures; and

  i. Such other damages as time and discovery may disclose.

## COUNT SIX

### Claim for Punitive Damages Against All Defendants

36. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

37. The acts and omissions of Defendants, their agents, employees, representatives, officers, directors and/or designees, which were a direct and proximate result of the injuries and damages suffered by Plainitffs were committed with utter and total disregard of the rights of Plaintiffs, were willful, wanton, reckless and/or grossly negligent, thus entitling Plaintiffs to an award of punitive damages in an amount to be determined by the trier of fact, in order to punish Defendants and deter others from similar conduct.

38. The acts and omissions of Defendants as set forth above were ratified and/or acquiesced to by Defendants and/or committed by agents, employees, representatives, officers, directors and/or designees of the Defendants while serving in a managerial capacity.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Gail Shipman, Individually and as Personal Representative of the Estate of Roy Marvin Shipman Jr., Deceased, Roy Shipman, III and Justin Shipman pray that Aquatherm, L.P., N.H. Yates & Company, Inc., and Landstar Ranger, Inc. be cited to appear and answer herein and that after trial, Plaintiffs recover the following:

  a. actual and special damages;

  b. exemplary damages;

  c. pre-judgment and post-judgment interest;

  d. costs of court; and

e.  such other and further relief, legal or equitable, to which Plaintiffs are justly entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand trial by jury on all issues so triable.

Respectfully submitted,

LOCKS LAW FIRM

By: */s/ David D. Langfitt*
David D. Langfitt
PA Attorney ID #66588
Melanie J. Garner
PA Attorney ID #315058
601 Walnut Street, Suite 720E
Philadelphia, PA 19103
Tel: 215-893-3423
Fax: 215-893-3444
Email: dlangfitt@lockslaw.com
mgarner@lockslaw.com

and

LUBEL VOYLES LLP

By: */s/ Lance H. Lubel*
Lance H. Lubel
Texas State Bar No.: 12651125
McKenna Harper
Texas State Bar No.: 24041056
675 Bering Dr., Suite 850
Houston, Texas 77057
Telephone No.: (713) 284-5200
Facsimile No.: (713) 284-5250
Email: lance@lubelvoyles.com
mckenna@lubelvoyles.com
*Pro Hac Vice Anticipated*

**ATTORNEYS FOR PLAINTIFFS**