IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL SHIPMAN, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | NO. 17-5416 |
| AQUATHERM L.P., et al., | : | |
| Defendants. | : | |
| . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . . | | |
| GAIL SHIPMAN, et al., | : | |
| Plaintiffs, | : | |
| v. | : | |
| ARCO INDUSTRIAL SALES, INC., et al., | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

**MARILYN HEFFLEY, U.S.M.J.**                                         **November 28, 2018**

Before this Court is Defendant Signode Industrial Group LLC's ("Signode") Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. No. 32 in Civil Action No. 18-2922) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Signode's Motion to Dismiss will be denied.

## I.      INTRODUCTION

This action arises out of the death of Roy Shipman, Jr. ("Shipman"), who was fatally injured when more than 1,000 pounds of pipe fell off a flatbed trailer, crushing him underneath, in Pottstown, Pennsylvania. Am. Compl. (Doc. No. 21 in Civil Action No. 18-2922) ¶ 14.

Defendant Signode designs and manufactures protective packaging systems for industrial packaging, including the Tenax bands and machinery used for binding the pipes that ultimately shifted and fell on Shipman.  Id. ¶¶ 5, 7, 16-21.  Signode asks this Court to dismiss Plaintiffs' First Amended Complaint, arguing that Plaintiffs have failed to plead a plausible claim for relief against Signode because the Court lacks personal jurisdiction over it.  Signode contends that Plaintiffs have failed to allege that Signode has the requisite level of contacts with the Commonwealth of Pennsylvania necessary to establish personal jurisdiction.

**II.     DISCUSSION**

A federal district court is permitted to exercise "personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of the state."  Arch v. Am. Tobacco Co., 984 F. Supp. 830, 834 (E.D. Pa. 1997) (internal quotation marks omitted).  Under Pennsylvania law, a court may exercise personal jurisdiction to the fullest extent allowed by the United States Constitution.  42 Pa. Cons. Stat. Ann. §§ 5308, 5322(b).  A nonresident defendant may be subject to either general or specific personal jurisdiction in Pennsylvania.  Brooks v. Bacardi Rum Corp., 943 F. Supp. 559, 561 (E.D. Pa. 1996).  General jurisdiction allows suits to be brought against a nonresident corporation on causes of action arising from dealings distinct from its activities within the forum.  See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011).  For a corporation, the "paradigm forum for the exercise of general jurisdiction is . . . one in which the corporation is fairly regarded as at home."  Id.  Specific jurisdiction, on the other hand, exists when the defendant has "purposefully directed [its] activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities."  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (internal quotation marks omitted).

Plaintiffs allege that this Court has general jurisdiction over Signode because Signode is registered to do business in Pennsylvania, maintains a manufacturing facility in Pennsylvania, and places its products, including the Tenax bands at issue in this case, into the stream of commerce by manufacturing and marketing its products for the shipping transportation and distribution industries in Pennsylvania.  Signode contends that these allegations are insufficient to establish general jurisdiction over it because Signode is incorporated in a state other than Pennsylvania (Delaware), has its principal place of business in a state other than Pennsylvania (Illinois), and does not have contacts with Pennsylvania that would subject it to either general or specific personal jurisdiction.  Furthermore, although Signode concedes that it is registered to do business in Pennsylvania, it maintains that such registration is insufficient to establish general jurisdiction under the United States Supreme Court's decision in <u>Daimler AG v. Bauman</u>, 571 U.S. 117 (2014), which held that "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business . . . is unacceptably grasping," <u>id.</u> at 138 (internal quotation marks omitted).

This Court concludes, however, that general jurisdiction over Signode is appropriate here because it is registered to do business in Pennsylvania.  The Pennsylvania registration statute specifically provides that "qualification as a foreign corporation" will "enable the tribunals of this Commonwealth to exercise general personal jurisdiction" over the registrant.  42 Pa. Cons. Stat. Ann. § 5301(a).  The United States Court of Appeals for the Third Circuit has held that, in light of the statute's language, "such registration by a foreign corporation carries with it consent to be sued in Pennsylvania courts."  <u>Bane v. Netlink, Inc.</u>, 925 F.2d 637, 640 (3d Cir. 1991).  Signode argues that <u>Bane</u> is no longer good law in light of recent Supreme Court decisions, particularly <u>Daimler</u>, which have curtailed the scope of general jurisdiction over corporate

defendants.  However, Daimler did not purport to address the matter of jurisdiction by consent.  See 571 U.S. at 129.  Subsequent to the Supreme Court's decision in Daimler, federal district courts in Pennsylvania have consistently found that the Third Circuit's decision in Bane remains good law and that Pennsylvania's consent-by-registration statute remains a proper basis for personal jurisdiction.  See, e.g., Aetna Inc. v. Mednax, Inc., No. 18-2217, 2018 WL 5264310, at *5-6 (E.D. Pa. Oct. 23, 2018); Allstate Ins. Co. v. Electrolux Home Products, No. 5:18-cv-00699, 2018 WL 3707377, at *4 (E.D. Pa. Aug. 3, 2018); Gorton v. Air & Liquid Sys. Corp., 303 F. Supp. 3d 278, 298 (M.D. Pa. 2018); Bors v. Johnsons & Johnson, 208 F. Supp. 3d 648, 655 (E.D. Pa. 2016); see also Webb-Benjamin, LLC v. Int'l Rug Grp., LLC, 192 A.3d 1133, 1136-39 (Pa. Super. Ct. 2018).  Accordingly, "[c]onsent remains a valid form of establishing personal jurisdiction under the Pennsylvania registration statute after Daimler.  The Supreme Court did not eliminate consent."  Bors, 208 F. Supp. 3d at 655.  Consistent with these decisions, this Court finds that it has jurisdiction over Signode.

### III.  CONCLUSION

For the foregoing reasons, Signode's Motion to Dismiss Plaintiffs' First Amended Complaint is denied.  An appropriate Order follows.

BY THE COURT:

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE

4