IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PHILADELPHIA

| | | |
|---|---|---|
| GAIL SHIPMAN, INDIVIDUALLY AND | : | |
| AS PERSONAL REPRESENTATIVE OF | : | |
| THE ESTATE OF ROY MARVIN | : | |
| SHIPMAN JR., DECEASED, ROY | : | Civil Action No. 2:17-cv-05416 (*Lead Case*) |
| SHIPMAN III, and JUSTIN SHIPMAN, | : | |
| | : | |
| *Plaintiffs*, | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| AQUATHERM L.P., N.H. YATES | : | |
| AND COMPANY, INC., AND | : | |
| LANDSTAR RANGER, INC., | : | |
| | : | |
| *Defendants*. | : | |

| | | |
|---|---|---|
| GAIL SHIPMAN, INDIVIDUALLY AND | : | |
| AS PERSONAL REPRESENTATIVE OF | : | |
| THE ESTATE OF ROY MARVIN | : | |
| SHIPMAN JR., DECEASED, ROY | : | Civil Action No. 2:18-cv-02922 |
| SHIPMAN III, and JUSTIN SHIPMAN, | : | |
| | : | |
| *Plaintiffs*, | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| ARCO INDUSTRIAL SALES, INC. d/b/a | : | |
| ARCO PACKAGING/JANITORIAL | : | |
| SALES AND SIGNODE INDUSTRIAL | : | |
| GROUP LLC, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
## SUMMARY JUDGMENT EVIDENCE

Plaintiffs Gail Shipman, Individually and as Personal Representative of The

Estate of Roy Marvin Shipman, Jr., Deceased, Roy Shipman III, and Justin Shipman

(collectively, "Plaintiffs") make the following objections to the summary judgment

evidence submitted by Defendants Signode Industrial Group, LLC ("Signode"),

Aquatherm, L.P. ("Aquatherm") and Landstar Ranger, Inc. ("Landstar"). Certain exhibits submitted by these defendants are incompetent summary judgment proof under Fed. R. Civ. P. 56(e) and the Federal Rules of Evidence. Accordingly, that evidence should not be considered by the Court.

<u>INADMISSIBLE HEARSAY</u>

Summary judgment evidence must be presented in a form that would be admissible at trial. Consequently, such evidence cannot consist of, or be based on, hearsay. *See Williams v. Borough of West Chester, Pennsylvania*, 891 F.2d 458, 471 (3d. Cir. 1990) and *Easton v. Bristol-Myers Squibb Co.*, 289 F.Supp.2d 604, n.8 (E.D. Pa. 2003).

Here, the summary judgment motions filed by Signode and Aquatherm rely, in large part, on the written reports of their "experts"/"hired guns," David P. Pope, Ph.D. and Robert T. Lynch, P.E. But, these unsworn, unverified reports are not competent summary judgment proof. They are clearly hearsay and should not be considered as part of the summary judgment record. *See, e.g., Jackson v. Egyptian Navigation Co.*, 222 F.Supp.2d 700, 709 (E.D. Pa. 2002) ("Plaintiff offers as evidence an unsworn expert report regarding the [defendant's] duties. This unsworn report does not meet the requirements of Fed. R. Civ. P. 56(e) and 'is not competent to be considered on a motion for summary judgment'"), quoting *Fowle v. C&C Cola*, 868 F.2d 59, 67 (3d Cir. 1989), citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

158 n. 17 (1970); *see also Rainforest Café, Inc. v. Amazon, Inc.*, 86 F.Supp.2d 886, 903-04 (D. Minn. 1999) (refusing to consider unsworn, unverified expert report for the purposes of a summary judgment motion).

Neither Signode's Pope report[1] nor Aquatherm's Lynch report[2] is sworn, verified, or otherwise stated to be true and correct or declared to be true and correct under penalty of perjury. Rather, they are simply unsworn, out-of-court missives by Signode and Aquatherm's "experts." As such, they are inadmissible hearsay and should not be considered in connection with these defendants' motions for summary judgment. *Jackson*, 222 F.Supp.2d at 709.

Within its Motion, Signode also relies on a discussion amongst counsel regarding the location the bands unitizing the pipe.[3] Like the expert reports, this discussion among counsel is not sworn, verified or declared under the penalty of perjury; therefore, it constitutes inadmissible hearsay that should not be considered.

<u>LANDSTAR'S CONCLUSORY AFFIDAVIT</u>

Landstar, in support of its motion, submits the Affidavit of Chris Cleveland as Exhibit G.[4]  An affiant must set forth facts, rather than opinions or conclusions.

---

[1] Ex. N to ECF 116.

[2] Ex. L to ECF 118.

[3] Ex. H to ECF 116.

[4] Ex. G to ECF 120.

An affidavit that is "'essentially conclusory' and lacking in specific facts" is inadequate to satisfy the movant's burden. *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781, 789-90 (3d Cir. 1978). Plaintiffs move to strike the Affidavit of Chris Cleveland because it (1) contains ultimate or conclusory facts; and (2) it contains legal conclusions.

Under Federal Rule of Evidence 56(e), parties submitting affidavits in support of or in opposition to a motion for summary judgment must adhere to the following requirements: the affidavits must be made on personal knowledge, set forth such facts as would be admissible in evidence, and clearly demonstrate that the affiant is competent to testify to the matters identified in the affidavit. Thus, Rule 56(e) limits the proper contents of an affidavit to facts and the facts alleged must be made upon personal knowledge. 10B C. Wright, A. Miller and M. Kane, Federal Practice & Procedure: Civil 3d §2738 at 345-46 (1998). "Ultimate or conclusory facts and conclusions of law, as well as statements made on belief or 'on information and belief', cannot be utilized on a summary judgment motion. Similarly, the *mere reargument of a party's case or the denial of an opponent's allegations will be disregarded...*" *Id*. at 346-56, citing *Olympic Jr., Inc. v. David Crystal, Inc.*, 463 F.2d 1141, 1146 (3d Cir. 1972) (emphasis added) (confirming conclusory statement, general denials and factual allegations not based on personal knowledge are insufficient to withstand summary judgment); *see also Carey v. Beans*, 500 F. Supp.

580, 583 (E.D. Pa. 1980) ("Affidavits must be devoid of hearsay, conclusory language and statements which purport to examine thoughts as well as actions... Affidavits speculating as to motivations but containing no factual support do not conform to [rule 56(e)] and statements prefaced by phrases 'I believe' or 'upon information and belief' or those made upon an 'understanding' are properly subject to a motion to strike."), citing *Majorana v. MacDonald*, 596 F.2d 1072, 1080 (1st Cir. 1979). The following portions of the Affidavit of Chris Cleveland should be stricken for the reasons that follow:

> Paragraph 14 – *Landstar had no participation in, or supervision of, the loading of the plastic pipe onto decedent Shipman's flatbed trailer.[5]*
>
> Paragraph 15- *Landstar did not direct decedent Shipman with respect to the routing he chose to haul the load of plastic pipe. . .[6]*
>
> Paragraph 16- *Landstar did not direct or control the performance of decedent Shipman's work as an independent contractor.[7]*
>
> Paragraph 19- *It was customary of the shipper to do the loading of the freight onto the flatbed trailer and for the consignee, in this case N.H. Yates, to do the unloading.[8]*
>
> Paragraph 21- *Landstar had no participation in, or supervision of, the unloading of the plastic pipe from decedent Shipman's flatbed trailer.[9]*
>
> Paragraph 22- *Landstar was unaware whether decedent Shipman had ever unsecured his straps from a load on his flatbed trailer before the*

---

[5] Ex. G to ECF 120, at ¶14.
[6] Ex. G to ECF 120, at ¶15.
[7] Ex. G to ECF 120, at ¶16.
[8] Ex. G to ECF 120, at ¶19.
[9] Ex. G to ECF 120, at ¶21.

> *consignee's personnel were present for unloading prior to decedent's fatal accident.[10]*

These paragraphs are conclusory and Mr. Cleveland has not demonstrated he is competent to testify to this information. These paragraphs are not supported by any independent evidence to corroborate Mr. Cleveland's statements. Instead, they are conclusory statements of ultimate fact and/or opinion. Therefore, they do not constitute proper material for a Rule 56(e) affidavit and should be disregarded.

Plaintiffs also object to Paragraph 20 of Mr. Cleveland's Affidavit:

> Paragraph 20- *Landstar reserved the right under particular circumstances to make arrangements for the unloading or unloading; however, that contract provision was not applicable to the facts of this case.[11]*

This paragraph contains a conclusion of law regarding the applicability of a contract provision to this case, is lacking in specific facts, and speculative. Landstar has offered no detail as to why it claims the contract provision at issue is not applicable. This statement is inappropriate for a Rule 56(e) affidavit. Mr. Cleveland. Mr. Cleveland's conclusion is based only on conjecture. Just as such an affidavit is inadequate to oppose a motion for summary judgment, it is inadequate to support it. *See Hurd v. Williams,* 755 F.2d 306, 308 (3d Cir.1985). Therefore, Plaintiffs request the Court exclude these portions of Mr. Cleveland's Affidavit.

---

[10] Ex. G to ECF 120, at ¶22.
[11] Ex. G to ECF 120, at ¶20.

REQUEST FOR RELIEF

For the reasons stated, Plaintiffs respectfully requests the Court enter exclude the above-referenced evidence and for all other relief to which they show themselves justly entitled to receive.

Respectfully submitted,

LANGFITT GARNER

By: /s/      David D. Langfitt
      David D. Langfitt
      PA Attorney ID #66588
      Melanie J. Garner
      PA Attorney ID #315058
      Two Commerce Square
      2001 Market Street, 39th Floor
      Philadelphia PA 19103
      Tel. No.: (267) 295-6701
      Fax No.: 215-735-5170
      david@langfittgarner.com
          melanie@langfittgarner.com

and

**LUBEL VOYLES LLP**

By: /s/ Lance H. Lubel
      Lance H. Lubel
      Texas State Bar No.: 12651125
      McKenna Harper
      Texas State Bar No.: 24041056
      675 Bering Dr., Suite 850
      Houston, Texas 77057
      Telephone No.: (713) 284-5200

Facsimile No.: (713) 284-5250
Email: lance@lubelvoyles.com
mckenna@lubelvoyles.com
*Pro Hac Vice*
ATTORNEYS FOR PLAINTIFFS


## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was delivered to counsel of record by electronic service, the Court's CM/ECF filing system, facsimile, or certified mail, return receipt requested, on this 20th day of December 2019.


/s/ McKenna Harper
McKenna Harper